**MERRIMAN CONSTRUCTION CO., et al., Plaintiffs,**

**v.**

**COUNTY OF GEAUGA, et al., Defendants.**

**Civ. A. No. C81–578.**

United States District Court, N.D. Ohio, E.D.

Oct. 18, 1983.

Larence J. Dolan, Chardon, Ohio, for plaintiffs.

John A. Neville, Cleveland, Ohio, Terry G. Pasqualone, Chief Asst. Pros. Atty., Daniel Earl Bond, Chardon, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

The plaintiffs, owners of real estate in Bainbridge, a township in Geauga County, won declaratory judgments in Ohio state courts reversing local government administrative actions and zoning enactments that blocked their plans to construct high-density housing. In this action they repeat their allegations that they were deprived of property rights in violation of the Fourteenth Amendment and seek damages and attorney's fees under 42 U.S.C. §§ 1983, 1985(3) and 1988.

Pending before the Court are Motions to Dismiss for failure to state a claim filed by two defendants pursuant to Fed.R.Civ.P. 12(b)(6). This Court finds that the complaint must be dismissed, but for a reason neither Motion discusses—namely, that this action is barred by res judicata.

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343.

## BACKGROUND

In 1966 Bainbridge Township enacted a comprehensive land use plan. The plan recognized the township's basic desire to "maintain a relatively low density residential community." In accordance with the plan, effective April 19, 1971 the township enacted Zoning Amendment Z–90. Z–90 stated that for areas provided with a central sewage system, the minimum lot size would become one acre. It permitted construction of townhouses on 100 acre or larger parcels at the rate of twenty percent of total acreage and at a density of four per acre.

Plaintiffs Merriman Construction Co., Edward Silica, Inc., and Walter Edwards ("Merriman") had formulated plans to build a development known as Canyon Lakes Colony Subdivision ("Canyon Lakes") on 537 acres in Bainbridge. Plans submitted to the township conformed to Z–90 and called for 653 units, mixing townhouses and single-family residences. Township trustees responded by enacting Zoning Amendment Z–86 on May 13, 1971. Z–86 eliminated the four-to-one ratio of townhouses per acre and destroyed the plans for Canyon Lakes.

Plaintiffs filed a declaratory judgment action in state court. In *Merriman Construction Co. v. Bainbridge Township Trustees,* No. 73 M 42 (Geauga County Common Pleas Jan. 9, 1974), the trial court found Z–86 "confiscatory and an unnecessary hardship" and "unreasonable and unconstitutional as applied to [Merriman's] land." It authorized development of Canyon Lakes under Z–90. The Court of Appeals for the Eleventh District affirmed on March 25, 1975 and the Ohio Supreme Court dismissed an appeal on September 19, 1975.

Z–90 also required that all planned developments have the services of a central sanitary sewer facility. Merriman originally had planned to construct its own system. But while the first case was pending, the Geauga County Board of County Commissioners ("County Commissioners") created the McFarland Creek Sanitary Sewer District. Merriman—which in 1973 had granted the district an easement for $1.00 permitting construction of the main trunk line for the McFarland plant through its property—cancelled plans for its facility and postponed construction of Canyon Lakes until the sewage facility was complete.

By 1977, the McFarland system was almost finished. In June, Merriman submitted their proposed subdivision plan to the Geauga County Planning Commission. The planning commissioners refused to process the initial sketch plans because Merriman had not obtained permission to tie into the McFarland system. In August the county commissioners, without explanation, rejected Merriman's request for a tie-in.

Merriman filed suit seeking a declaratory judgment granting it access to the McFarland system.

In Bainbridge, the township trustees voted on September 6, 1977 to adopt Zoning Amendment Z–128. More stringent than the previously-voided Z–86, Z–128 increased the minimum lot size from one acre to two acres for areas serviced by sewers and to three acres for areas not so serviced, and entirely eliminated planned unit developments. While a referendum on Z–128 was pending, the trustees voted in May, 1978 to supplant it with the even stricter Z–78–8, which required that all lots have a minimum of three acres, regardless of their proximity to sewer facilities. Merriman filed another declaratory judgment action challenging these enactments. The action was consolidated with the suit against the county commissioners.

In *Merriman Construction Co. v. Geauga County Commissioners,* 78 M 51 and 78 M 416 (Geauga County Common Pleas March 13, 1979), the court found the county commissioners' refusal to process Merriman's plans "arbitrary and an abuse of discretion" and ordered them to grant tie-in permits. The zoning amendments Z–128 and Z–78–8 were voided as "stop-gap" legislation not consistent with the 1966 comprehensive plan, and Bainbridge was ordered to review the Canyon Lakes project in accordance with the more flexible provisions of Z–90. On May 20, 1980, the Court of Appeals again affirmed and in November, 1980 the Ohio Supreme Court declined jurisdiction.

## DISCUSSION

The complaint filed in this Court alleges violations of the Fifth and Fourteenth Amendment rights to due process, equal protection and just compensation for the taking of property, and seeks damages for deprivation of property and the right to develop property, lost business opportunities, and increased costs. Counts I and II are based on 42 U.S.C. § 1983. Count I is directed at Geauga County, the county commissioners, the planning commission, and Thomas Grims, the planning director;

Count II is directed at Bainbridge Township, its trustees, and the zoning commission. Count III alleges that James Mueller and Richard Ford, as county and planning commissioners, Thomas Grims, as planning director, Robert Bacon, as a planning commissioner and township zoning inspector, and Terry Carson and Mark Matousek, as township trustees, conspired to violate Merriman's constitutional rights in violation of 42 U.S.C. § 1985. Attorney's fees are sought under 42 U.S.C. § 1988.

Carson and Ford have filed Motions to Dismiss under Fed.R.Civ.P. 12(b)(6) alleging that Merriman has failed to state a claim. This Court has recently granted a Rule 12(b)(6) motion in a similar § 1983 action seeking damages allegedly caused by a zoning decision. *Terrace Knolls, Inc. v. Dalton, Dalton, Little and Newport, Inc.,* 571 F.Supp. 1086 (N.D.Ohio 1983). In this case, however, the merits of the Motions need not be addressed.

■ Under the full faith and credit statute, 28 U.S.C. § 1738, the federal courts are bound to give preclusive effect to state court judgments. The statute provides, in part:

> The ... judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State....

The Supreme Court, on several recent occasions, has reaffirmed the appropriateness of applying preclusion rules to bar relitigation of civil rights claims. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (Title VII); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (§ 1983). In *Allen* the Court wrote:

> The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that

action.... As this Court and other courts have recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication....

Moreover, the legislative history of § 1983 does not in any clear way suggest that Congress intended to repeal or restrict the traditional doctrines of preclusion. The main goal of the Act was to override the corrupting influence of the Ku Klux Klan and its sympathizers on the governments and law enforcement agencies of the Southern States, ... and of course the debates show that one strong motive behind its enactment was grave congressional concern that the state courts had been deficient in protecting federal rights.... But in the context of the legislative history as a whole, this congressional concern lends only the most equivocal support to any argument that, in cases where the state courts have recognized the constitutional claims asserted and provided fair procedures for determining them, Congress intended to override § 1738 or the common-law rules of collateral estoppel and res judicata. Since repeals by implication are disfavored, ... much clearer support than this would be required to hold that § 1738 and the traditional rules of preclusion are not applicable to § 1983 suits.

*Id.* at 94–99, 101 S.Ct. at 414–17 (citations omitted).

Since *Allen,* the Sixth Circuit has reaffirmed that a § 1983 plaintiff "is precluded from relitigating not only the issues which were actually involved in the [state] proceeding, but also the issues which he might have presented." *Castorr v. Brundage,* 674 F.2d 531, 536 (6th Cir.1982), *quoting Coogan v. Cincinnati Bar Ass'n,* 431 F.2d 1209, 1211 (6th Cir.1970). *See also Northwood Apartments v. LaValley,* 649 F.2d 401, 409–11 (6th Cir.1981) (Phillips, J., dissenting); *Land Associates v. Metropolitan Airport Authority,* 547 F.Supp. 1128, 1137 (M.D. Tenn.1982).

While federal courts will exercise jurisdiction where a zoning ordinance acts to deprive an individual of constitutionally protected rights, *Schad v. Borough of Mt. Ephraim,* 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981); *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926), the Supreme Court has mandated that attacks on the validity of zoning decisions are generally to be pursued in state court. *City of Eastlake v. Forest City Enterprises, Inc.,* 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976). State court is a proper forum for Fifth and Fourteenth Amendment claims under §§ 1983 and 1985; indeed, constitutional principles were the basis of the state court declaratory judgments invalidating the Bainbridge zoning amendments and reversing the county decisions to refuse Canyon Lakes a tie-in with the McFarland sewage system. Merriman, then, could have brought its federal claims for damages in the Court of Common Pleas, and had it prevailed that court could have awarded attorney's fees under § 1988. *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980); *Bartholomew v. Watson,* 665 F.2d 910, 913 (9th Cir.1982); *Royer v. Adams,* 121 N.H. 1024, 437 A.2d 316 (1981).

In light of the instant action's history, this Court can only view it as "yet another effort to make a federal case out of litigation that belongs in the State courts." *Studen v. Beebe,* 588 F.2d 560, 562 (6th Cir. 1978); *see Ohio Inns v. Nye,* 542 F.2d 673, 676 (6th Cir.1976), *cert. denied,* 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794 (1977).

The complaint is dismissed.

IT IS SO ORDERED.